*70 LOKEN, Chief Judge,
dissenting.
I respectfully dissent. Section 3.26(g) of the Pulaski County Ordinances states in relevant part:
Any person who owns ... or possesses a dog that attacks a person causing harm to property or body ... shall be guilty of a violation.... Any person convicted of violating this section shall be fined not more than five hundred dollars ($500.00).
Deputy Brewer went to Gaines’s home to investigate a complaint that his dog had attacked a citizen earlier that day. Brewer knocked and identified herself. When Gaines opened the door, the dog rushed past Gaines and, as Brewer told Gaines at the time, appeared to bite Brewer. It is undisputed that Brewer suffered a cut elbow, which was later cleaned and dressed at a local emergency room. Brewer showed Gaines the wound. He only questions whether it was caused by Buddy’s teeth or by his collar. Thus, Brewer had cause to believe that Gaines had violated § 3.26(g) by possessing a dog that attacked a person (herself), “causing harm to ... body.”
Under Arkansas law, Deputy'Brewer as a law enforcement officer was authorized to “arrest a person without a warrant if ... the officer has reasonable cause to believe that such person has committed any violation of law in the officer’s presence.” Ark. R.Crim. P. 4.1(a)(iii); see Ark. Code Ann. § 16-81-106(b)(2)(A) (any “public offense”). The Fourth Amendment is not violated by a warrantless arrest if “an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence.” Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (emphasis added); see Michigan v. DeFillippo, 443 U.S. 31, 36-37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Moreover, the arrest is constitutionally valid even if the offense for which there was probable cause is not closely related to the offense stated by the arresting officer at the time of the arrest. Devenpeck v. Alford, — U.S.-, 125 S.Ct. 588, 594, 160 L.Ed.2d 537 (2004).
These authorities establish that Deputy Brewer is entitled to summary judgment on the merits of Gaines’s Fourth Amendment claim. Thus, it should be a foregone conclusion that Brewer is entitled to qualified immunity, for which the governing standard “is not probable cause in fact but arguable probable cause ... that is, whether the officer should have known that the arrest violated plaintiffs clearly established right.” Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir.1996) (quotation omitted). Unfortunately, the district court and now this court have been distracted by irrelevant disputes over what happened before and after Buddy injured Deputy Brewer. These questions might be relevant to whether Brewer had probable cause to arrest Gaines for assault and battery. They are irrelevant to whether Brewer had arguable probable cause to arrest Gaines for a violation of § 3.26(g).
It violates the basic principles of qualified immunity that Deputy Brewer must defend this damage action by a citizen whose dog, perhaps non-maliciously, attacked two law enforcement officers in one day. Hopefully, the district court will now focus on the significance of § 3.26(g) and the Supreme Court’s intervening decision in Devenpeck v. Alford and will grant Brewer the summary judgment she deserves.